IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | In proceedings under |
|   Joseph Eugene Sikora Jr | ) | Chapter 13 |
| | ) | |
|   Kristie Lee Sikora | ) | |
|     Debtor(s). | ) | Bk. No.:  12-31262 |
| | ) | |

CHAPTER 13 TRUSTEE'S FIRST  AMENDED OBJECTION TO CONFIRMATION
TO DEBTOR(S)' AMENDED PLAN ONE

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

**COMES NOW,** RUSSELL C. SIMON, Chapter 13 Trustee, and files this his  First Amended Objection to  Confirmation of the Debtor(s) Amended Plan One  and in support thereof would respectfully show unto this Court the following (only those items checked apply):

1. \_\_\_ The Amended Plan does not underline all of the changes contained therein and/or does not contain the reason(s) for the amendment in paragraph 17 in violation of General Order 07-05.  As such, all parties in interest have not been given proper notice of the amendments being sought.

2. \_\_\_ The Debtor(s)' Plan is not feasible.  The Debtor(s)' budget does not appear to support a reasonable conclusion that the Debtor(s) will be able to complete their proposed plan of reorganization. [Disposable Income: $0.00 Plan Payment: $0.00]

3. \_\_\_ As of , the proposed Plan does not provide sufficient funding to pay all allowed secured/priority claims, as well as any required distribution to allowed general unsecured claims.  The plan calculation used by the Trustee has been sent to counsel via email.  The parties are advised that the plan calculation is subject to change based upon numerous factors, including missed or late plan payment; the filing of proof of claims in amounts substantially different from the amounts schedules in the debtor(s)' plan; and the filing of amended proofs of claims;
[Current Base: $0.00 Estimated Minimum Req'd Base: $0.00]

4. \_\_\_ Line 59 of B22C shows monthly disposable income of $0.00.  Thus, the Debtor(s)' Plan must provide for payment to non-priority unsecured creditors of at least $0.00 or 100% of all allowed claims, whichever is less.

5. \_\_\_ The Plan proposes a term that is less than the applicable commitment period ("ACP") without providing for full payment of all allowed claims.
[Plan term -0 months   ACP - 0 months]

6.\_\_\_     The Plan proposed by the Debtor(s) fails to address the following secured and/or priority claims:  .

7.\_\_\_     Pursuant to Schedules I & J, the Plan does not provide for payment of all of the Debtor(s)' disposable income
[Disposable Income on Sch. J: $0.00   Plan Payment: $0.00]

8.\_\_\_     The Plan provides for an [ ] increase or [ ] decrease in future Plan payments without providing supporting documentation and/or an explanation substantiating such future change.  [Changes from $0.00 to $0.00 in month 0].  Debtor should be required to provide justification for the planned changes in monthly plan payments.

9.\_\_\_     The Plan provides for payment of attorney's fees that are not supported by the 2016(b) statement filed by Debtor(s)' counsel. [Plan - $0.00  2016(b) - $0.00]

10.\_\_\_    The income reflected on Schedule I does not match the income reported on the [ ] Debtor [ ] Joint Debtor's pay advices.  Thus, the Trustee is unable to determine whether the Plan represents the Debtor(s)' best efforts.  [A copy of the Trustee's income analysis has been sent, via email to the Debtor(s)' attorney.]
[Net Sch I - $0.00  Net Pay Advices - $0.00]

11.\_\_\_    The Plan does not meet the Liquidation Analysis.  Pursuant to 1325(a)4), the amount necessary to pay all classes of unsecured creditors is $0.00.  Debtor(s)' plan proposes that all classes of unsecured creditors are entitled to $0.00 and non-priority unsecured creditors would receive approximately $0.00.

12.\_\_\_    The Debtor(s) have not filed their Federal Income Tax Return(s) for the following years:  and are thus unable to meet the burden of proving that their Plan complies with 11 U.S.C. Section 1322(a)(2).

13.\_\_\_    The Debtor(s) have failed to provide the Trustee with copies of [ ] pay advices or [ ] tax returns.  The trustee cannot make a recommendation until these have been submitted.

14. X    Other:  A.  The Trustee reasserts his prior objection and for the second time states that the Debtor must submit six (6) months proof of income to substantiate the income received from the real property to the Trustee.

B.  Pursuant to the pay advices submitted to the Trustee, the income on the Amended Schedule I for Mrs. Sikora from PDS Tech is understated.  While Schedule I states gross income of $4,896.66 with payroll deductions of $911.12 for taxes and $966.33 for insurance with a net income of $3,019.21, pay advices show average gross income of $5,193.85 with payroll deductions of $1,004.45 for taxes and $315.16 for insurance resulting in a net income of $3,874.24.  Schedule I must be amended pursuant to the submitted pay advices.

C.  The Trustee is unable to determine the required pool to general unsecured creditors, if any, until Objection 14B has been resolved.

**WHEREFORE, PREMISES CONSIDERED,** Russell C. Simon, Chapter 13 Trustee, respectfully prays that this Court deny confirmation of the Debtor(s)' Plan, and grant him Trustee such other and further relief, both in law and in equity, to which he shows himself justly entitled.

> **/s/ Russell C. Simon**
> RUSSELL C. SIMON, Trustee
> Chapter 13 Trustee
> 24 Bronze Pointe
> Swansea, Illinois  62226
> Telephone: (618) 277-0086
> Telecopier: (618) 234-0124

Dated: December 17, 2012
LS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Trustee's First Amended Objection to Confirmation to Debtor(s)' Amended Plan One was served on the parties listed below by ordinary U.S. Mail (with the correct postage prepaid and deposited in the U.S. Mail in Belleville, IL) or served electronically through the Court's ECF System at the email address registered with the Court on this day, Monday, December 17, 2012.

/s/Laura

Joseph Eugene Sikora Jr
Kristie Lee Sikora
888 Lester Ave
Collinsville, IL  62234


LATHRAM & HERBERT
203 W MAIN ST
COLLINSVILLE, IL 62234